IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN POLANCO, | : | CIVIL ACTION NO. **4:CV-10-1906** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| WILLIAM SCISM, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On September 10, 2010, Petitioner John Polanco, an inmate at LSCI-Allenwood, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). On September 21, 2010, Petitioner filed a Motion for Leave to file an Amended Habeas Petition with an attached proposed amended habeas petition. (Doc. 4). Petitioner also filed a motion for leave to proceed *in forma pauperis* on October 4, 2010. (Doc. 5).

With respect to Petitioner's Motion for Leave to file an Amended Habeas Petition (Doc. 4), Petitioner only stated that he needed to add more Respondents who were not named in his original habeas petition. Specifically, Petitioner sought to add LSCI-Allenwood and the United States Bureau of Prisons as additional Respondents. In all other respects, Petitioner's proposed amended habeas petition was essentially identical to his original habeas petition. On October 6, 2010, the Court denied Petitioner's Motion for Leave to file an Amended Habeas Petition since he named the only proper Respondent in his original habeas petition, namely William Scism, the Warden at LSCI-Allenwood. See 28 U.S.C. § 2242 & §2243. *See also Nunez v. Lindsay*, 2007 WL 706245,

*1, n. 1 (M.D. Pa.)("The proper Respondent in a petition for writ of habeas corpus is the official having custody of the applicant."). (Doc. 6).

Also, on October 6, 2010, the Court denied, in part, and granted, in part, Petitioner's *in forma pauperis* motion and directed Petitioner to pay a partial filing fee of $2.29. (*Id*.). Petitioner paid the partial filing fee on October 12, 2010. (Doc. 7).

Respondent has not yet been served with Petitioner's Habeas Petition. We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Hart v. Holt*, 2007 WL 626159, *3 (M.D. Pa.).[1] We shall recommend that Petitioner's Habeas Petition be dismissed since this Court lacks jurisdiction over Petitioner's sole claim that he was "imprisoned as the result of a process which includes as it's (sic) basis disparity and discriminatory treatment associated with crack vs. cocaine sentencing and conversion ratios." (Doc. 1, p. 1). Thus, Petitioner claims that the federal sentencing court's Judgment and Commitment ("J&C") was "void" since it was based on "unwarranted disparity" between sentencing guidelines for crack and cocaine, and since it was issued in violation of his due process and equal protection rights. (*Id*., pp. 1-2). Petitioner further claims that based on this unfair disparity of treatment between sentences for crack and sentences for cocaine, the "authority to detain & hold [him in prison] is void." (*Id*., p. 2).

As relief, Petitioner requests "to be unconditionally and immediately released from custody

---

[1]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

2

and all imprisonment." (*Id.*).[2]

## II. Factual Background.

On March 29, 2006, Petitioner plead guilty in the United States District Court for the District of New Jersey to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. (D. N.J. Crim. No. 3:CR-06-0239-AET-1, Doc. 15)[3]. On September 13, 2006, Petitioner was sentenced on the stated offense to 120 months imprisonment and a 5-year term of supervised release.[4] (*Id.*, J&C, Doc. 20). On April 22, 2008, Petitioner filed, *pro se*, a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582, and a Motion for Appointment of Counsel with the New Jersey District Court. (*Id.*, Doc. 21). The New Jersey District Court denied Petitioner's Motion on October 3, 2008. (*Id.*, Doc. 23). On September 9, 2010, Petitioner filed a Petition for immediate unconditional release from unlawful imprisonment and associated records (*Id.*, Doc. 24), which was denied by Letter Order of the New Jersey District Court on September 27, 2010. (*Id.*, Doc. 25). On October 5, 2010, Petitioner filed an Emergency Petition for Writ of Mandamus, or in the alternative, Writ of Habeas Corpus with the New Jersey

---

[2]Petitioner's criminal case number was No. 06-CR-239-01-AET, District of New Jersey (U.S. District Judge Anne E. Thompson).
The undersigned has been assigned the present habeas petition for purposes of a Report and Recommendation.

[3]We obtained a copy of Petitioner's criminal case docket sheet and Judgment and Commitment from the New Jersey District Court, http://ecf.njd.uscourts.gov.
We have attached a copy of Petitioner's criminal case docket sheet and his Judgment and Commitment to this Report and Recommendation.

[4]Petitioner's projected release date *via* GCT is September 10, 2013. Doc. 1-2, pp. 7-8).

3

District Court. (*Id.*, Doc. 26). Petitioner's recently filed October 5, 2010 Petitioner has not yet been ruled upon by the New Jersey District Court.

Additionally, on September 10, 2010, Petitioner filed the instant Habeas Petition in the Middle District of Pennsylvania pursuant to § 2241. (Doc. 1). Petitioner now claims that the sentencing court improperly gave him a longer sentence due to his crack conviction than he would have received if he was convicted of a cocaine offense. Petitioner claims that he should be released from confinement immediately since he received a longer sentence than he should have received based on the disparity between the sentencing guidelines for crack versus cocaine offenses.

## III. Discussion.

Petitioner seems to state that if his sentence for his drug conviction was longer because it involved crack and that the disparity in the sentencing guidelines between crack and cocaine convictions render his sentence "void." As stated, Petitioner's criminal docket sheet indicates that he filed a motion with the sentencing court for a sentence reduction under 18 U.S.C. § 3582(c) pursuant to the amended crack cocaine sentencing guidelines.[5] (*See* Doc. 21 of Petitioner's criminal docket sheet). Also, as stated, Petitioner's motion to reduce his sentence was denied by the sentencing court on October 3, 2008.

In any event, we find that Petitioner Polanco must raise his present claim *via* a § 2255 motion, and that a § 2255 motion is the proper remedy for Petitioner to assert his claim that the

---

[5] An inmate can seek a sentence reduction under 18 U.S.C. § 3582(c) pursuant to the amended crack cocaine sentencing guidelines. "That amendment would authorize [the inmate] to file a motion pursuant to 18 U.S.C. § 3582(c) for a reduction of the sentence he is currently serving ... ." *U.S. v. Hopkins*, 577 F. 3d 507, 509 (3d Cir. 2009).

4

sentencing court improperly imposed a longer sentence on him based on his crack conviction.

In *U.S. v. Potts*, 2010 WL 331702, *5-*6 (E.D. Pa.), the Court stated:

> "Crack" and "cocaine base" are not synonyms. The term "cocaine base" refers to the chemical compound C17H21NO4. "Crack" is just one of many forms of this compound: crack is a form of cocaine base but not all cocaine bases are crack. See *United States v. Barbosa*, 271 F.3d 438, 462 (3d Cir.2001).
>
> *****************************************************************
>
> The Third Circuit confronted the cocaine base / crack cocaine issue in *Barbosa*, where it held that " 'cocaine base' encompasses all forms of cocaine base with the same chemical formula" for the purposes of construing 21 U.S.C. § 841(b)(1), but that " 'cocaine base' means only crack when a sentence is imposed under the guidelines." 271 F.3d at 467.
>
> The sentencing guidelines provide a harsher sentence for distribution of crack cocaine than they do for powder cocaine. See *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). In order to obtain the harsher sentence under the guidelines, the government must establish, by a preponderance of the evidence, that the substance a defendant intended to distribute was, in fact, crack cocaine. See *United States v. Dent*, 149 F.3d 180, 189 (3d Cir.1998).

In his 2-page handwritten habeas petition, Petitioner does not state that § 2255 is inadequate or unavailable to raise his instant claim. In fact, even if Petitioner filed a previous §2255 motion, he can nonetheless file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the appropriate Court of Appeals for the Circuit where he was convicted to seek a sentence reduction pursuant to the amended crack cocaine sentencing guidelines.

Specifically, Petitioner claims that his sentence is "void" since it was based on disparity and discriminatory treatment associated with crack versus cocaine sentencing and guideline ranges. As mentioned, Petitioner does not directly state that § 2255 is inadequate and ineffective to address

5

his claim that his sentence guideline range was improperly increased due to his conviction of a drug offense involving crack. Nor does Petitioner claim that he was convicted of a drug offense which is no longer criminal. Also, Petitioner does not claim to be actually innocent of his drug conviction.

In *U.S. v. Hopkins*, 577 F.3d 507, 509 (3d Cir.2009), the Court stated:

> Since Hopkins' sentencing, the crack cocaine sentencing guidelines have been amended. U.S.S.G. §§ 1B1.10(a)(1) and (a)(2)(A) (amended December 11, 2007). That amendment would authorize Hopkins to file a motion pursuant to 18 U.S.C. § 3582(c) for a reduction of the sentence he is currently serving if he has not been properly sentenced as a career offender. If he has been effectively designated a career offender under U.S.S.G. § 4B1.1, however, he may not seek such a reduction. *United States v. Mateo*, 560 F.3d 152, 155-56 (3d Cir.2009).

*Id.* at 509.[6]

Thus, even though Petitioner Polanco already filed a motion with the sentencing court seeking a reduction of the sentence he is currently serving, under 18 U.S.C. § 3582(c), based on the amended crack cocaine sentencing guidelines, his recourse is to file a § 2255 motion with the sentencing court. Such a determination should be made *via* a § 2255 motion, and not in a §2241 habeas petition. Also, as stated, after Petitioner filed his present § 2241 habeas petition with this Court, he filed a Petition for Writ of Mandamus, or in the alternative, Writ of Habeas Corpus, with the sentencing court, and it is still pending.

Thus, even if Petitioner may be entitled to a sentence reduction under 18 U.S.C. §3582(c) pursuant to the amended crack cocaine sentencing guidelines, we find that Petitioner's recourse is to file a §2255 motion with the sentencing court. If Petitioner filed a previous § 2255 motion,

---

[6] As indicated, Petitioner Polanco was also sentenced before the crack cocaine sentencing guidelines were amended, *i.e.*, on September 13, 2006.

6

then his recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with Third Circuit Court of Appeals. We find that a § 2241 habeas petition is not the proper avenue of relief for Petitioner to pursue his instant claim. See Francis v. U.S., 2009 WL 1010522 (M.D. Pa.).

In Francis, the Court stated:

> A federal criminal defendant claiming that his conviction and/or sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed his sentence to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997). A defendant can challenge a conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); see also Okereke, 307 F.3d at 120; In re Dorsainvil, 119 F.3d at 251. Habeas corpus under § 2241 is "reserved for rare cases," and therefore, this "safety-valve" provision of § 2255 must be strictly construed. In re Dorsainvil, 119 F.3d at 250, 251.
>
> A § 2255 motion is inadequate or ineffective only where the petitioner shows that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. Cradle v. United States, 290 F.3d 536, 538 (3d Cir.2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.
>
> Petitioner argues that in Kimbrough, the Court interpreted § 841(b) "as creating separate and distinct offenses with distinguishable elements and different statutory ranges of penalties" and thus constitutes an intervening change in the law. FN1 (Doc. 1 at 8.) Petitioner also claims that an intervening change in the law occurred after the decision in Apprendi, in which the Court held that any factor increasing a defendant's sentence beyond the statutory minimum, other than prior convictions, had to be determined by a jury beyond a reasonable doubt. ( Id. at 7.) Petitioner claims that, as a result of these intervening changes in the law, "he is factually and/or legally innocent of violating § 841(b)(1)(A) because the jury [at his trial] did not find,

7

beyond a reasonable doubt, all the necessary elements to support an aggravated conviction under 21 U.S.C. § 841(b) (1)(A)." (*Id.* at 9.) He also submits that he is entitled to relief under § 2241 rather than § 2255 because this claim was unavailable to him at the time of his previous § 2255 motion. (*Id.* at 8, 10.)

> FN1. In *Kimbrough,* the Court clarified that, following its decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), where it held that the mandatory Sentencing Guidelines system violated the Sixth Amendment and thus should be advisory rather than mandatory, the Guidelines now should be considered in conjunction with other statutory considerations in determining the appropriate sentence, *Kimbrough,* 128 S.Ct. at 569-70. Accordingly, the Court held that district courts have discretion to deviate from the Guidelines based on their disagreement with the disparity between the Guidelines' treatment of crack and powder offenses. *Id.* at 573.

However, the Third Circuit Court of Appeals already has rejected this argument where the intervening change in the law affects sentencing rather than decriminalizing the conduct that led to the conviction. In *Okereke,* the petitioner argued that he was entitled to relief under § 2241 because *Apprendi* had resulted in an intervening change in the law that he could not have predicted and could not have used as the basis for his original § 2255 motion. *Okereke,* 307 F.3d at 119. The District Court agreed that Okereke's case fit within the narrow exception set forth in *In re Dorsainvil,* where the Third Circuit found that the petitioner was entitled to pursue relief under § 2241 because an intervening change in the substantive law decriminalized the conduct that led to his conviction, and relief under § 2255 was unavailable to him because the change did not constitute a "new rule of constitutional law." *Id.* at 120; *see also In re Dorsainvil,* 119 F.3d at 247-48, 251. However, the Third Circuit disagreed, holding that, where the intervening change in the law in *Apprendi* dealt with sentencing, § 2255 was not inadequate or ineffective for the petitioner to raise his *Apprendi* argument. *Okereke,* 307 F.3d at 121.

Therefore, in this case, where the intervening change in the law that occurred following *Apprendi* and *Kimbrough* relates to sentencing, Petitioner has not shown that § 2255 is inadequate or ineffective to raise his claim. Accordingly, this Court does not have jurisdiction over Petitioner's current claim, and his Petition under § 2241 will be dismissed. An appropriate Order shall enter.

2009 WL 1010522, *2-*3.

Section 2255 provides, in part, that "an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition.

9

The Third Circuit stated in Okereke v. U.S., 307 F. 3d 117, 120 (3d Cir. 2002), cert. denied, 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Based on Francis, this Court is clearly without jurisdiction to consider Petitioner Polanco's § 2241 habeas petition. We find that Petitioner's recourse is to file a §2255 motion or to seek permission from the Third Circuit Court of Appeals to file a second motion under 28 U.S.C. § 2255 with respect to his sentence.

Based upon the well-settled case law, Petitioner's Habeas Corpus Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent. See Gray v. U.S., 2010 WL 2600696 (3d Cir., 6-30-10).

## IV. Recommendation.

Based upon the foregoing, it is respectfully recommended that the Petitioner Polanco's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for lack of jurisdiction.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: October , 2010

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CRIMINAL DOCKET FOR CASE #: 3:06-cr-00239-AET-1

Case title: USA v. POLANCO  
Magistrate judge case number: 2:05-mj-03090-PS

Date Filed: 03/29/2006  
Date Terminated: 09/18/2006

Assigned to: Judge Anne E. Thompson

**Defendant (1)**

JOHN POLANCO  
*TERMINATED: 09/18/2006*

represented by JOHN POLANCO  
REG #27400-050  
SCHUYLKILL  
FEDERAL CORRECTIONAL  
INSTITUTION  
Inmate Mail/Parcels  
P.O. BOX 759  
MINERSVILLE, PA 17954  
PRO SE

LISA MACK  
FEDERAL PUBLIC DEFENDER'S OFFICE  
1002 BROAD STREET  
NEWARK, NJ 07102  
(973) 645-6347  
Fax: (973) 645-3101  
Email: lisa_mack@fd.org  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

21:846 - CONSPIRACY TO DISTRIBUTE  
CONTROLLED SUBSTANCE - COCAINE  
(1)

**Disposition**

Impris: 120 months; Supr. Release: 5 years with special conditions; Fine: waived; SA: $100

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**
None

**Complaints**
21:846 Possession with intent to distribute crack cocaine

**Disposition**

**Plaintiff**

USA      represented by   **DENNIS C. CARLETTA**
US ATTORNEY'S OFFICE
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102
(973) 645-2767
Email: dennis.carletta@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2010 | 26 | EMERGENCY PETITION for Writ of Mandamus, or in the alternative Writ of Habeas Corpus. (Rec'd. in Chambers 09/29/2010) (ss, ) (Entered: 10/05/2010) |
| 10/04/2010 | 27 | Letter from deft. dated 10/5/2010. (Forwarded a copy of docket to deft.) (ss, ) (ss). (Entered: 10/05/2010) |
| 09/27/2010 | 25 | LETTER ORDER that the latest submission reviewed by the Court has determined no entitlement to relief sought as to JOHN POLANCO Signed by Judge Anne E. Thompson on 9/24/2010. (ss, ) (Entered: 09/27/2010) |
| 09/09/2010 | 24 | PETITION for immediate unconditional release from unlawful imprisonment and associated records (ss, ) (Entered: 09/10/2010) |
| 10/03/2008 | 23 | ORDER denying 21 Motion to Reduce Sentence re Crack Cocaine Offense - 18:3582 for JOHN POLANCO (1) Count 1 as to JOHN POLANCO (1) Signed by Judge Anne E. Thompson on 9/29/2008. (ss, ) (Entered: 10/03/2008) |
| 05/06/2008 | 22 | RESPONSE to Motion by USA as to JOHN POLANCO re 21 MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 MOTION to Appoint Counsel (CARLETTA, DENNIS) (Entered: 05/06/2008) |
| 04/22/2008 | 21 | MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582, MOTION to Appoint Counsel by JOHN POLANCO. (tp ) (Entered: 04/25/2008) |
| 09/18/2006 | 20 | JUDGMENT as to JOHN POLANCO (1), Count(s) 1, Impris: 120 months; Supr. Release: 5 years with special conditions; Fine: waived; SA: $100 Signed by Judge Anne E. Thompson on 9/18/2006. (ss, ) (Entered: 09/19/2006) |
| | | |

| | | |
|---|---|---|
| 09/13/2006 | 19 | Minute Entry for proceedings held before Judge Anne E. Thompson :Sentencing held on 9/13/2006 for JOHN POLANCO (1), Count(s) 1, Impris: 120 months; Supr. Release: 5 years with special conditions; Fine: waived; SA: $100. Defendant advised of his right to appeal and is remanded (Court Reporter J. Herndon.) (ck, ) (Entered: 09/18/2006) |
| 03/31/2006 | | Notice of Allocation and Assignment. (Judge Thompson - Trenton).(AC) (Entered: 03/31/2006) |
| 03/29/2006 | 18 | PLEA AGREEMENT as to JOHN POLANCO. (AC) (Entered: 03/31/2006) |
| 03/29/2006 | 17 | APPLICATION for Permission to enter Plea of Guilty by JOHN POLANCO. (AC) (Entered: 03/31/2006) |
| 03/29/2006 | 16 | WAIVER OF INDICTMENT by JOHN POLANCO. (AC) (Entered: 03/31/2006) |
| 03/29/2006 | 15 | Minute Entry for proceedings held before Judge Anne E. Thompson : Initial Appearance, PLEA: GUILTY entered by JOHN POLANCO (1) Count 1 held on 3/29/06. Sentencing set for 9/13/2006 02:00 PM in Trenton - Courtroom 4W before Judge Anne E. Thompson. (Court Reporter S. Daner.) (AC) (Entered: 03/30/2006) |
| 03/29/2006 | 14 | INFORMATION as to JOHN POLANCO (1) Count 1. (AC) (Entered: 03/30/2006) |
| 02/14/2006 | 13 | ORDER TO CONTINUE - Ends of Justice as to JOHN POLANCO Time excluded from 2/13/06 until 4/14/06. Signed by Judge Patty Shwartz on 2/14/06. (aa, ) [2:05-mj-03090-PS] (Entered: 02/17/2006) |
| 12/12/2005 | 12 | ORDER TO CONTINUE - Ends of Justice as to JOHN POLANCO Time excluded from 12/14/05 until 2/13/06. Signed by Judge Patty Shwartz on 12/10/05. (aa, ) [2:05-mj-03090-PS] (Entered: 12/13/2005) |
| 10/20/2005 | 11 | ORDER TO CONTINUE - Ends of Justice as to JOHN POLANCO, ANGEL JUNIOR PEREZ Time excluded from 10/17/05 until 12/14/05. Signed by Judge Patty Shwartz on 10/20/05. (aa, ) [2:05-mj-03090-PS] (Entered: 10/25/2005) |
| 09/01/2005 | | Attorney update in case. Attorney DENNIS C. CARLETTA for USA added. (aa, ) [2:05-mj-03090-PS] (Entered: 09/01/2005) |
| 08/26/2005 | 10 | ORDER TO CONTINUE - Ends of Justice as to JOHN POLANCO, ANGEL JUNIOR PEREZ Time excluded from 8/18/05 until 10/17/05. Signed by Judge G.Donald Heneke on 8/26/05. (aa, ) Modified on 9/1/2005 (aa, ). [2:05-mj-03090-PS] (Entered: 09/01/2005) |
| 08/18/2005 | 5 | TEMPORARY COMMITMENT Issued as to JOHN POLANCO (aa, ) [2:05-mj-03090-PS] (Entered: 08/26/2005) |
| 08/18/2005 | 4 | WAIVER of Preliminary Examination or Hearing by JOHN POLANCO (aa, ) [2:05-mj-03090-PS] (Entered: 08/26/2005) |
| 08/18/2005 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to JOHN POLANCO. LISA MACK for JOHN POLANCO appointed. Signed by Judge Patty Shwartz on 8/18/05. (aa, ) [2:05-mj-03090-PS] (Entered: 08/26/2005) |
| 08/18/2005 | 2 | Minute Entry for proceedings held before Judge Patty Shwartz :Initial Appearance as to JOHN POLANCO held on 8/18/2005. Ordered defendant detained, etc. (Tape #S05-10.) (aa, ) [2:05-mj-03090-PS] (Entered: 08/26/2005) |

| 08/18/2005 |   | Arrest of JOHN POLANCO, ANGEL JUNIOR PEREZ (aa, ) [2:05-mj-03090-PS] (Entered: 08/26/2005) |
|---|---|---|
| 08/18/2005 | 1 | COMPLAINT as to JOHN POLANCO (1), ANGEL JUNIOR PEREZ (2). (aa, ) [2:05-mj-03090-PS] (Entered: 08/26/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/18/2010 11:20:35 | | | |
| PACER Login: | us5329 | Client Code: |   |
| Description: | Docket Report | Search Criteria: | 3:06-cr-00239-AET Start date: 1/1/1970 End date: 10/18/2010 |
| Billable Pages: | 3 | Cost: | 0.24 |

AO 245 B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

JOHN POLANCO

Defendant.

Case Number   CR06-239-01(AET)

**RECEIVED**
SEP 18 2006
AT 8:30_____ M
WILLIAM T. WALSH
CLERK

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JOHN POLANCO, was represented by Lisa Mack, AFPD.

The defendant pled guilty to Count 1 of the INFORMATION on 3/29/06. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 21:846 | Conspiracy to Distribute Cocaine | 8/17/05 | 1 |

As pronounced on September 13, 2006, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for Count 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the _____ day of September, 2006.

ANNE E. THOMPSON
Senior United States District Judge

AO 245 B (Rev. 12/03) Sheet 2 - Imprisonment

Judgment – Page 2 of 4

Defendant: JOHN POLANCO
Case Number: CR06-239-01(AET)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 Months.

The Court makes the following recommendations to the Bureau of Prisons:

1. Designation to Institution in NJ or Eastern Pennsylvania.
2. Participation in residential drug and alcohol treatment program.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 12/03) Sheet 3 - Supervised Release

Judgment – Page 3 of 4

Defendant:    JOHN POLANCO
Case Number:   CR06-239-01(AET)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall refrain from the illegal possession and/or use of drugs/alcohol and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug/alcohol treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall enter and complete a General Equivalency Diploma (GED) program or vocational program as directed by the probation office.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245 B (Rev. 12/03) Sheet 3a - Supervised Release

Judgment – Page 4 of 4

Defendant: JOHN POLANCO
Case Number: CR06-239-01(AET)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
Defendant                                    Date

_____
U.S. Probation Officer/Designated Witness         Date

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN POLANCO, | : CIVIL ACTION NO. **4:CV-10-1906** |
| Petitioner | : (Judge McClure) |
| v. | : (Magistrate Judge Blewitt) |
| WILLIAM SCISM, | : |
| Respondent | : |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **October ⟨/, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: October /, 2010